# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br>  vs.<br><br>JOSE CHAVARRIA PEREZ,<br><br>                               Defendant. | CASE NO. 13cr913 JM<br>CIVIL NO. 14cv1425 JM<br><br>ORDER DENYING MOTION BROUGHT PURSUANT TO 28 U.S.C. §2255 |

On July 24, 2013, pursuant to a plea agreement, Defendant Jose Chavarria Perez ("Defendant"), a non-United States citizen, pleaded guilty to a single-count information charging Defendant with importation of approximately 1331 kilograms of marijuana in violation of 21 U.S.C. §§ 952, 960 and 18 U.S.C. § 2 . On February 6, 2014, the court sentenced Defendant to 70 months custody. On or about June 9, 2014, Defendant filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 ("Motion"). As the sole ground for Defendant's Motion, Defendant indicates he has "just learned of federal law that would allow [him] to apply for citizenship in the United States of America" and "he would like to apply and become a citizen of this country." (Motion at 3). For the reasons set forth below, the court summarily dismisses the Motion.

Claims for relief under 28 U.S.C. § 2255 must be based on a constitutional error,

a jurisdictional error, a defect resulting in a miscarriage of justice, or an unfair procedure. 28 U.S.C. § 2255(a); <u>United States v. Timmreck</u>, 441 U.S. 780, 783-84 (1979). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." The court does not need to hold an evidentiary hearing or obtain a response from the government. <u>See</u> 28 U.S.C. § 2255; <u>United States v. Quan</u>, 789 F.2d 711, 715 (9th Cir. 1986).

"As a general rule, '[28 U.S.C.] § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.'" <u>Harrison v. Ollison</u>, 519 F.3d 952, 955 (9th Cir. 2008) (quoting <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000)). "Section 2255 allows a federal prisoner claiming that his sentence was imposed 'in violation of the Constitution or laws of the United States' to 'move the court which imposed the sentence to vacate, set aside or correct the sentence.'" <u>Id.</u> (quoting 28 U.S.C. § 2255). While recognizing Defendant's desire to become a United States citizen, Section 2255 is not the proper avenue for pursuing citizenship in this country. Nor does Defendant's current request to become a United States citizen have any relationship to the legality of his imposed sentence. The Motion does not contain any allegations of constitutional error, jurisdictional error, defect resulting in a miscarriage of justice, or unfair procedure related to his sentence such that relief would be warranted under Section 2255.

Moreover, Defendant waived his right to collaterally attack his sentence. Contract law standards govern the validity of plea agreements. <u>United States v. Keller</u>, 902 F.2d 1391, 1393 (9th Cir. 1990). A defendant validly waives his appellate rights if the language of the waiver encompasses his right to appeal on the grounds raised and he knowingly and voluntarily agrees to waive those rights. <u>United States v. Rahman</u>, 642 F.3d 1257, 1259 (9th Cir. 2011). A waiver provision barring a defendant from seeking collateral relief under a Section 2255 motion is valid and enforceable. <u>See</u>

1 | <u>United States v. Abarca</u>, 985 F.2d 1012, 1014 (9th Cir. 1993); <u>see</u> <u>United States v.
2 | Navarro-Botello</u>, 912 F.2d 318, 321-22 (9th Cir. 1990) (reasoning the public policy of
3 | finality supports upholding waivers in plea agreements).  Defendant validly waived his
4 | right to collaterally attack his sentence when he executed a plea agreement expressly
5 | waiving his right to appeal or to collaterally attack his conviction and sentence unless
6 | the court imposed a custodial sentence greater than the high end of the guideline range
7 | recommended by the government.  The waiver applies because, at sentencing, the court
8 | imposed a sentence less than the recommended guideline range recommended by the
9 | Government.  The record reveals that Defendant's waiver was knowing and voluntary.

      Accordingly, the court denies the Motion in its entirety.  The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: July 1, 2014

_____
Hon. Jeffrey T. Miller
United States District Judge