UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>JOSE CHAVARRIA PEREZ,<br><br>                      Defendant. | Case No.:  13cr913 JM<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

Defendant Jose Chavarria Perez moves, <u>pro se</u>, for a sentence reduction on the basis of Amendment 782 to the United States Sentencing Guidelines ("the Guidelines" or "U.S.S.G."). (Doc. No. 74.) Amendment 782 revised the Drug Quantity Table in Guidelines section 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses.[1]  For the following reasons, the court denies Defendant's motion.

## DISCUSSION

In general, a criminal sentence is final upon completion of direct review, and the

---

[1] Amendment 788 made Amendment 782 retroactive to previously sentenced defendants, limiting the effective date to November 1, 2015.  <u>See</u> U.S.S.G., supp. App'x. C, amend. 788 (2014); U.S.S.G. § 1B1.10.

1

1    sentencing court thereafter lacks authority to revisit it.  <u>Dillon v. United States</u>, 560 U.S.
2    817, 821 (2010); <u>United States v. Leniear</u>, 574 F.3d 668, 673 (9th Cir. 2009).  However,
3    Congress created a limited exception to this rule in 18 U.S.C. § 3582(c), authorizing
4    district courts to modify a sentence "in the case of a defendant who has been sentenced to
5    a term of imprisonment based on a sentencing range that has subsequently been lowered
6    by the Sentencing Commission."  <u>United States v. Dunn</u>, 728 F.3d 1151, 1155 (9th Cir.
7    2013).  In such circumstances, a two-step analysis applies.  <u>Dillon</u>, 560 U.S. at 827.  First,
8    the court must determine "the amended guideline range that would have been applicable
9    to the defendant if the relevant amendment had been in effect at the time of the initial
10   sentencing."  <u>Id.</u>  If the defendant is eligible for a sentence modification, the court must
11   next consider any applicable factors under 18 U.S.C. § 3553 to determine whether a
12   modification is warranted.  <u>Id.</u>  But the court must "leave all other guideline application
13   decisions unaffected" and ensure that reductions are "consistent with applicable policy
14   statements issued by the Sentencing Commission."  <u>See generally</u> U.S.S.G. § 1B1.10.

15      Here, Defendant pled guilty to aiding and abetting importation of marijuana in
16   violation of 21 U.S.C. §§ 952, 960 and 18 U.S.C. § 2.  Pursuant to Defendant's plea
17   agreement, the court determined that Defendant's base offense level was 32.  (Doc. No.
18   45.)  After a 3-point reduction for acceptance of responsibility and a 2-point reduction for
19   fast track, Defendant's total offense level was 27.  With a criminal history category of VI,
20   Defendant's Guidelines range was 130 to 162 months.  The court varied downward and
21   sentenced Defendant to 70 months.  (Doc. No. 67.)  Under the post-Amendment 782
22   Guidelines, Defendant's base offense level is 30 rather than 32, and his total offense level
23   is 25 rather than 27.  With the same criminal history category, Defendant's amended
24   Guidelines range is 110 to 137 months.  Thus, Defendant's original sentence is lower
25   than the bottom of the amended Guidelines range.  Because "the court shall not reduce
26   the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy
27   statement to a term that is less than the minimum of  the amended guideline range,"
28   U.S.S.G. § 1B1.10(b)(2)(A), Defendant is not eligible for a further reduction.

## CONCLUSION

For the foregoing reasons, the court denies Defendant's motion to reduce his sentence.

IT IS SO ORDERED.

DATED: March 9, 2017

_____
JEFFREY T. MILLER
United States District Judge